IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


GEORGE AYDELOTTE                                                      PETITIONER

v.                                    Civil No. 6:08-cv-6113

LARRY NORRIS Director,                                               RESPONDENT
Arkansas Department of Correctinos, and
JIM HOOD, Attorney General,
State of Mississippi


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, GEORGE AYDELOTTE, an inmate confined at the Ouachita River Unit of the

Arkansas Department of Corrections, filed this petition for writ of *a habeas corpus* pursuant to 28

U.S.C. § 2254 (1996).[1]   The petition was referred for findings of fact, conclusions of law and

recommendations for the disposition of the case.

**A.  Procedural Background[2]:**

On July 31, 2002, Petitioner was convicted of two drug offenses in the Conway County,

Arkansas, Circuit Court and sentenced to an aggregate sentence of twenty (20) years.  He does not

attack the Arkansas State Court convictions in this Petition.   Petitioner alleges that on January 28,

2003, the State of Mississippi lodged a detainer against him following criminal charges being filed

by the prosecuting attorney of Tunica County, Mississippi.   Petitioner is charged with theft of

---

[1]The Petition was originally filed in the Eastern District of Arkansas, on December 9, 2008.  On
December 12, 2008, the case was transferred to the Western District of Arkansas.

[2]The procedural background is based on the assertions of the parties, as made in the pleadings and
exhibits filed in this matter.

anhydrous ammonia and conspiracy in the Mississippi case.  Petitioner alleges he has requested a trial on the charges in Tunica County, Mississippi, and has been denied a trial by the State of Mississippi .  He alleges in the instant Petition he is being denied his rights to a speedy trial and due process in the Mississippi cases.

**B.  Current Petition**:

The instant Petition for *habeas corpus* relief was filed on December 9, 2008.  Specifically, Petitioner claims he has requested a speedy trial in the case against him in Mississippi, pursuant to the Interstate Agreement on Detainers.  According to Petitioner the State of Mississippi has refused to extradite him from Arkansas, and has refused to afford him a trial on the criminal charges pending against him in Tunica County, Mississippi.  Petitioner claims he has filed a Motion for Speedy Trial, Motion for Discovery, and Motion to Dismiss information in Tunica County, Mississippi, all to no avail.

Respondent Larry Norris, the Director of the Arkansas Department of Corrections has responded to the Petition and asserts that while he is in fact the actual physical custodian of Petitioner and a proper party to this action, the real party in interest is the State of Mississippi.  Respondent Norris takes no position as to the validity of the substantive allegations contained in the Petition regarding the criminal proceeding in Mississippi..

Respondent Jim Hood, the Attorney General of the State of Mississippi has responded seeking dismissal of the Petition asserting this court lacks personal jurisdiction over him.  Alternatively, Respondent Hood asserts this matter should be transferred to the United States District Court in the State of Mississippi where the criminal charges against Petitioner are pending.

C. **Discussion**:

Petitioner challenges detainer lodged by the State of Mississippi and the underlying charges pending in the state court of Tunica County, Mississippi.  He argues the prosecution there is in violation of his right to a speedy trial under the Sixth Amendment and his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.  Petitioner seeks dismissal of the criminal charges pending against him in Tunica County, Mississippi.

Petitioner is physically within the jurisdiction of this Court.  Further, because of the detainer lodged by the State of Mississippi, Petitioner is clearly being held "in custody" by Mississippi, and thus in the custody of Respondent Hood, for purposes of a *habeas corpus* proceeding.  *See Braden v. Kentucky*, 410 U.S. 484, 488-489 (1973).  Petitioner does not challenge his custody by the State of Arkansas, rather he challenges the "custody" imposed on him by the State of Mississippi and seeks dismissal of the criminal charges there.   This Court therefore has personal jurisdiction over the Petitioner and subject matter jurisdiction over this case.

In this circumstance it is equally clear this Court lacks personal jurisdiction over Respondent Hood.  For example, in *Rheuark v. Wade*, 608 F.2d 304 (8th Cir. 1979),  the United States Court of Appeals for the Eighth Circuit was presented a similar issue and found no jurisdiction.  The Eighth Circuit held in *Rheuark* that a Federal District Court in Arkansas was without jurisdiction over a Texas prisoner's petition for writ of *habeas corpus*, since the prisoner was challenging his Texas conviction and the Texas officials responsible for his confinement were not subject to the personal jurisdiction of the Arkansas court.  *See id.* at 305.   The fact that the prisoner had been brought to Arkansas by the United States Marshal, to appear as witness in civil case in Arkansas, did not change

the result, since the Marshal was not an agent of Texas so as to provide Arkansas court with personal jurisdiction over the Texas custodians.  *See id.*

The Eighth Circuit has regularly required personal jurisdiction over the custodian in *habeas corpus* cases.   *See e.g., Carmona v.* Minnesota, 23 Fed. Appx. 629 (8th Cir. 2002)("A habeas petitioner must be 'in custody' within the meaning of § 2241(c)(3), and the district court in which the petition is filed must have personal jurisdiction 'upon the person who holds [the petitioner] in what is alleged to be unlawful custody.'");  *U.S. v. Knight*, 638 F.2d 46 (8th Cir. 1981)("To issue a writ of habeas corpus, a district court must have jurisdiction over the petitioner's custodian."); *Cleveland v. Ciccone*, 517 F.2d 1082 (8th Cir. 1975)("It is now well established that an appropriate forum for habeas corpus relief is the United States District Court having jurisdiction over the custodian against whom the petition for the writ is directed.").  In this case, the Court does not have personal jurisdiction over Respondent Jim Hood.

Petitioner is advised that this case should befiled in the United States District Court for the Northern District of Mississippi, Delta Division, which has jurisdiction over the subject matter and the parties.

**D.  Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be dismissed without prejudice, for lack of personal jurisdiction over Respondent Jim Hood, Attorney General of the State of Mississippi.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **26th day of June, 2009.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE